**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES BERNARD BROWN,

      Petitioner,

v.                              Case No. 8:16-cv-3037-T-02SPF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.
_____/

## ORDER

On October 28, 2016, Petitioner James Brown filed his Petition under 28

U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Dkt. 1. He

seeks relief from a October 2, 2013 Florida state court conviction. *Id.* at 1.

Respondent have filed a response in opposition. Dkt. 14. The Court finds that a

hearing is unnecessary and denies the petition.

### Background

On October 2, 2013 a jury sitting in Sarasota County found Petitioner guilty

of robbery with a weapon, Dkt. 17-3 at 1, reduced after trial to robbery, a second-

degree felony. Dkt. 17-4 at 1. He was sentenced as a habitual felony offender to a

seventeen-year term of imprisonment, with two years to be served on probation.

Dkt. 17-4 at 1. Petitioner directly appealed his conviction to the state appellate court. Dkt. 17-5. The state appellate court affirmed his conviction and the mandate was issued on January 7, 2015. Dkts. 17-7 & 17-8.

Petitioner then filed a 3.850 Motion for Postconviction Relief on January 20, 2015. Motion for Post Conviction Relief 3.850, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. Jan. 20, 2015). The postconviction court denied this motion but gave Petitioner leave to amend. Order for Post Conviction Relief/Order (1) Denying In Part And (2) Striking In Part With Leave To Amend Defendant's Pro Se "Motion For Post-Conviction Relief, *Florida v. Brown*, 2013-CF-1784 NC at 2–3 (12th Fla. Cir. Ct. March 7, 2016). Petitioner filed an amended version on March 16, 2016. Pro Se Amended Post Conviction Relief Motion, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. March 16, 2016). This was denied and Petitioner appealed. Final Order Denying Defendant's Motion for Post Conviction Relief, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. March 24, 2016); Dkt. 17-9. The state appellate court summarily denied Petitioner's appeal in a per curiam opinion. Dkt. 17-10. Its mandate was issued on November 14, 2016. Dkts. 17-10 & 17-11.

On October 28, 2016 Petitioner filed this Petition for writ of habeas corpus. Dkt. 1.

**Standards of Review**

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). AEDPA "establishes a highly deferential standard for reviewing state court judgments." *Parker v. Sec'y for Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). This type of review does not allow relief of a state court conviction on a claim

> that was adjudicated on the merits in the State court proceedings' unless the state court's decision was '(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'

*Nejad v. Attorney Gen., State of Ga.*, 830 F.3d 1280, 1288 (11th Cir. 2016) (quoting 28 U.S.C. § 2254(d)).

"Clearly established Federal law" means holdings of the U.S. Supreme Court "as of the time of the relevant state-court decision." *Id.* at 1288–89. "Contrary to" requires a state court conclusion "opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 1289 (citations omitted) (alterations in original). The "unreasonable application" clause applies only "if the state court identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (citation omitted) (alterations in original).

However, a state court's factual determination "is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Id.* (citation omitted). AEDPA "requires federal habeas courts to presume the correctness of state court's factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id.* (citation omitted). This is a "demanding but not insatiable standard, requiring proof that a claim is highly probable." *Id.* (citation and internal quotation marks omitted). Further, this standard applies even if the state court does not provide the reasoning behind its decision because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002).

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). But in the habeas context, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect

but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation and internal quotation marks omitted). "If there is 'any reasonable argument that counsel satisfied *Strickland*'s deferential standard,' then a federal court may not disturb a state-court decision denying the claim." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014) (citation omitted).

## Discussion

A. <u>Timeliness</u>

Federal habeas petitions are subject to a one-year statute of limitation. 28 U.S.C. § 2244(d)(1) (2018). It begins running—as relevant here—on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at 2244(d)(1)(A). The clock stops running for the "time during which a properly filed application for State post-conviction . . . judgment or claim is pending[.]" *Id.* § 2244(d)(2).

Here, Petitioner was sentenced on October 29, 2013. Dkt. 17-4. He then directly appealed his conviction and the conviction was affirmed on January 7, 2015. Dkts. 17-5; 17-7; 17-8. Thirteen days later, Petitioner filled a motion for post-conviction relief. Motion for Post Conviction Relief 3.850, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. Jan. 20, 2015). Petitioner's motion was denied. Final Order Denying Defendant's Motion for Post Conviction Relief,

*Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. March 16, 2016).

Petitioner appealed, the appeal was denied, and the mandate was issued on

November 14, 2016. Dkt. 17-10. This petition was filed on October 28, 2016. Dkt.

1 at 1. Accordingly, this petition is well within the one-year requirement and is

timely.

  B. Merits

      Petitioner raises nine grounds for relief in his Petition. Dkt. 1. The

Respondent rebuts each of these grounds as being unmeritorious or unexhausted.

Dkt. 14. The Court will address each ground in turn.

    1. Ground One

      Ground One of the Petition raises a claim of ineffective assistance of

counsel. Dkt. 1 at 5–6. Petitioner argues that his trial counsel failed to object to the

admission of testimony by Officer Christopher O'Donnell of the Sarasota Police

Department regarding improperly destroyed evidence. *Id.* The State's charge was

that Petitioner used a BB gun to rob a taxi driver. Dkt. 17-5 at 3. Petitioner alleges

that Officer O'Donnell disposed of a $CO_2$ cartridge found inside a BB gun

discovered near the place Petitioner was arrested, without disclosing it to Petitioner

or analyzing it for fingerprints. *Id.* This issue is inappropriate for federal habeas

relief.

Following a motion for postconviction relief, the state postconviction court

denied this claim, stating in pertinent part:

> In a related claim, Defendant argues that trial counsel was ineffective
> for failing to object to Officer O'Donnell's testimony that the BB gun
> had an empty $CO_2$ cartridge inside when he checked it out of evidence.
> To prevail on a claim of ineffective assistance of counsel, a defendant
> must demonstrate that: (1) counsel's performance was deficient, and (2)
> but for counsel's deficient performance, there is a reasonable
> probability that the outcome of the proceedings would have been
> different. *Franqui v. State*, 59 So. 3d 82, 94-95 (Fla. 2011) (citing
> *Strickland v. Washington*, 466 U.S. 668 (1984)). "A reasonable
> probability is a probability sufficient to undermine confidence in the
> outcome." *Id.* Having already concluded that evidence related to the
> missing $CO_2$ cartridge would not have materially affected the outcome
> of Defendant's trial, it follows that Officer O'Donnell's testimony about
> the existence of the cartridge did not prejudice Defendant. Accordingly,
> the Court denies this claim.

Final Order Denying Defendant's Motion for Post Conviction Relief, *Florida v.*

*Brown*, 2013-CF-1784 NC at 3–4 (12th Fla. Cir. Ct. March 24, 2016) (hereinafter

"Order Denying Post-Conviction Relief").

After a review of the record and the applicable law the Court concludes that

Brown is not entitled to relief based on this claim. The state court's adjudication of

this claim was not contrary to clearly established federal law, did not involve an

unreasonable application of clearly established federal law, and was not based on

an unreasonable determination of the facts considering the evidence presented in

the state court proceedings. Nevertheless, even if the state appellate court's

adjudication of this claim is not entitled to deference, relief on the claim in Ground One must be denied.

Petitioner's Ground One is based on the premise that the $CO_2$ cartridge in the BB gun found near where Petitioner was arrested could have had forensic evidence indicating it did not belong to Petitioner, but it was destroyed. Dkt. 1 at 5–6. Yet, at Petitioner's trial there was no fingerprint or DNA evidence presented. Rather, the main evidence was a personal identification—both a "show-up" identification shortly after the robbery plus an in-court identification—by the victim taxi driver. In fact, during his closing statement Petitioner's trial counsel emphasized the prosecution's lack of inculpatory forensic evidence. Dkt. 17-1 at 416–18. Despite this absence of forensic proof, Petitioner was found guilty by the jury.

Further, even if Petitioner's counsel had objected to the disposal of the $CO_2$ cartridge, the only action he could have taken was to ask for was a special jury instruction related to a presumption in favor of the Petitioner due to spoliation of evidence. However, it is unlikely that this instruction would have been given. Spoliation instructions are given when the evidence was "materially exculpatory" or the destruction of "potentially useful" evidence was in bad faith. *See State v. Bennett*, 111 So. 3d 943, 945 (Fla. 2d DCA 2013). Here, the cartridge would not have been materially exculpatory. Setting aside the possibility of the cartridge

having inculpatory evidence, the cartridge could have either had no forensic evidence at all or forensic evidence from someone else. While both possibilities could introduce doubt, neither would be "materially exculpatory." Additionally, Officer O'Donnell's disposal of the cartridge, while potentially poor evidence handling, was seemingly not in bad faith.

Thus, even if Petitioner's trial counsel objected at trial to the disposal of the cartridge, it would not have prejudiced the outcome of the trial. As such, Ground One does not present a claim where federal habeas relief is appropriate. *See Strickland*, 466 U.S. at 687 (holding counsel ineffective only if the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial).

2. Ground Two

Petitioner's second Ground for relief is also based on a claim of ineffective assistance of counsel. Dkt. 1 at 6–7. Sometime after Petitioner's arrest for the robbery, a bag of clothes was found nearby that may have been in the robber's possession during the commission of the crime. *Id.* Yet, this bag was never forensically analyzed by anyone. *Id.* Petitioner alleges that his trial counsel was infective for failing to analyze this bag to determine if the clothes had forensic evidence that could have proven they were not his. *Id.* However, this issue does not present a claim where habeas relief can be granted.

Following a motion for postconviction relief, the state postconviction court

denied this claim, stating in pertinent part:

> Defendant next claims that trial counsel was ineffective for failing to investigate or analyze a bag of clothes found near the crime scene. He argues that if counsel had obtained DNA or fingerprint evidence from the bag of clothes or checked to see if the clothes fit Defendant, such evidence could have changed the outcome of his trial. The prejudice prong of Strickland requires more than mere speculation that an error affected the outcome of the trial. *Bradley v. State*, 33 So. 3d 664,672 (Fla. 2010) (citing *Strickland*, 466 U.S. at 689). Defendant's claim regarding the bag of clothes relies on speculation that the desired investigation could have produced evidence favorable to his case. Even if this claim is construed as an affirmative allegation that the bag of clothes did not contain forensic evidence linking it to Defendant, the Court's confidence in the outcome of Defendant's trial is not undermined because this lack of forensic evidence was not presented to the jury. As discussed above, the jury returned a guilty verdict without the presentation of any fingerprint or DNA evidence linking Defendant to the items found near the crime scene. Presentation of an additional piece of evidence lacking Defendant's fingerprints or DNA would have been unlikely to have a significant impact on the outcome of Defendant's trial. Accordingly, the Court denies this claim.

Order Denying Post-Conviction Relief at 4.

After a review of the record and the applicable law the Court concludes that

Brown is not entitled to relief based on this claim. The state court's adjudication of

this claim was not contrary to clearly established federal law, did not involve an

unreasonable application of clearly established federal law, and was not based on

an unreasonable determination of the facts considering the evidence presented in

the state court proceedings.

As with the $CO_2$ cartridge, the most that a forensic investigation of the bag of clothes could have yielded is evidence tying the bag to Petitioner or evidence that it may have been someone else's bag. In fact, the decision to not investigate this bag may have been a strategic decision to avoid the possibility that the bag contained inculpatory forensic evidence, entitled to deference under the "doubly deferential" standard for habeas review of *Strickland* claims. *See Nance v. Warden, Georgia Diagnostic Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) ("[I]t is a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding . . . . [I]t is rarer still for merit to be found in a claim that challenges a strategic decision of counsel.") (internal citations omitted). In any event, the failure to investigate the bag did not prejudice Petitioner because the best it could have shown was a lack of forensic evidence tying Petitioner to the crime—which was the case already during the trial.[1] Accordingly, Ground Two does not present an issue appropriate for federal habeas relief.

3.  Ground Three

Ground Three of Petitioner's Petition presents a *Brady v. Maryland* violation

---

[1] Even if a full forensic investigation of the bag of clothes had turned up evidence linking the bag of clothes to someone else, it still would not have prejudiced Petitioner. Just because the robber was carrying a bag of clothes does not necessarily mean they were the robber's clothes. As such, evidence that the clothes were someone other than Petitioner's would not have been exculpatory.

claim. 373 U.S. 83 (1963); Dkt. 1 at 7–8. Petitioner argues that Officer

O'Donnell's disposal of the $CO_2$ cartridge from the BB gun found near Petitioner

when he was arrested amounted to a *Brady* violation. Dkt. 1 at 7–8. Respondent

argues that this ground is unexhausted because it was not fully appealed. Dkt. 14 at

12–13. However, this Ground was presented to a state post-conviction court,

denied, appealed by Petitioner, and denied by the state appellate court. Order

Denying Post-Conviction Relief at 2–3; Dkts. 17-9 & 17-10. So, it is fully

exhausted for the purposes of federal habeas review. Yet, this Ground does not

present an issue appropriate for federal habeas relief.

Following a motion for postconviction relief, the state postconviction court

denied this claim, stating in pertinent part:

> Defendant argues that the discarded $CO_2$ cartridge found in the BB gun
> was favorable to his case because it could not be linked to him. A
> defendant raising a violation of *Brady v. Maryland*, 373 U.S. 83 (1963),
> must show that: (1) the evidence was favorable to the defendant, either
> exculpatory or impeaching; (2) the evidence was willfully or
> inadvertently suppressed by the State; and (3) because the evidence was
> material, the defendant was prejudiced. *Wickham v. State*, 124 So. 3d
> 841, 851 (Fla. 2013). As to the materiality prong of the test, Defendant
> must demonstrate that "had the evidence been disclosed, there is a
> reasonable probability of a different result, expressed as a probability
> sufficient to undermine confidence in the outcome of the proceedings."
> *Guzman v. State*, 868 So. 2d 498, 508 (Fla. 2003).
>
> In this case, law enforcement technicians were not able to recover any
> fingerprint or DNA evidence from the items found near the crime scene
> that could be linked to Defendant. During closing argument, the State
> conceded the lack of such evidence, and instead argued the strength of
> the other evidence presented connecting Defendant to the crime scene

evidence and the robbery. Trial counsel emphasized the lack of any identifying DNA or fingerprint evidence obtained from the items recovered from the scene. In light of the lack of DNA, fingerprint, or other forensic evidence recovered from the items found near the crime scene, the jury's guilty verdict reflects that it found the other evidence presented by the State sufficient to prove the charge beyond a reasonable doubt. Upon review of the record, the Court finds it highly unlikely that the jury's verdict would have been different if counsel had presented additional evidence regarding the lack of Defendant's fingerprints or DNA on items found at or near the crime scene. Accordingly, the Court denies this claim.

Order Denying Post-Conviction Relief at 2–3 (footnotes omitted).

After a review of the record and the applicable law the Court concludes that Brown is not entitled to relief based on this claim. The state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts considering the evidence presented in the state court proceedings.

As with the first two claims, Petitioner's claim rests on the presumption that if a more complete forensic investigation would have been conducted—either by the state or his trial counsel—on items found near where Petitioner was arrested then it could be shown that they did not belong to him. Yet, at trial there was already no fingerprint or DNA evidence, and Petitioner was convicted by a jury. For a claim for failure to disclose evidence to be valid the Petitioner must show that there is a "reasonable probability" that the evidence could have changed the

outcome of the trial. *See United States v. Bagley*, 473 U.S. 667, 682 (1985). Here, he did not. Accordingly, Ground Three does not present a valid claim for federal habeas relief.

4. Ground Four

Ground Four of the Petition also presents a *Brady* violation claim. Dkt. 1 at 8–9. Petitioner argues that the state failed to disclose the name of a police officer who searched Petitioner after his arrest and discovered cash in Petitioner's possession. *Id.* However, this claim is unexhausted.

A petitioner must exhaust all available state court remedies before challenging a state conviction in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Petitioner raised this argument on a motion for post-conviction relief, which was denied. Order for Post Conviction Relief/Order (1) Denying In Part And (2) Striking In Part With Leave To Amend Defendant's Pro Se "Motion For Post-Conviction Relief", *Florida v. Brown*, 2013-CF-1784 NC at 2–3 (12th Fla. Cir. Ct. March 7, 2016). On appeal of the denial of the motion for post-conviction relief, Petitioner did not raise this issue. Dkt. 17-10. So, this Ground has not been fully exhausted for federal habeas review purposes.

In any event, the state post-conviction court found this claim to be
"conclusively refuted by the record." Order for Post Conviction Relief/Order (1)
Denying In Part And (2) Striking In Part With Leave To Amend Defendant's Pro
Se "Motion For Post-Conviction Relief, *Florida v. Brown*, 2013-CF-1784 NC at 2–
3 (12th Fla. Cir. Ct. March 7, 2016) ("The record indicates that [a report
identifying the police officer] was sent to counsel . . . well before [Petitioner's]
trial."). Accordingly, this Ground is also inappropriate for federal habeas relief.

5. Ground Five

Petitioner states that his Fourth Amendment rights were violated when he
was arrested by Pinellas police based entirely on allegedly insufficient similarity to
a "be-on-the-lookout" notification received by the arresting officers. Dkt. 1 at 9–
10. Respondent argues that this claim has not been exhausted and is not reviewable
by federal habeas review. Dkt. 14 at 14–16. Yet, Petitioner argued this during a
suppression hearing before his trial and then raised the issue on direct appeal of his
conviction. Dkt. 17-5 at 23. This claim has been exhausted for the purposes of
federal habeas review.

Petitioner's argument is based on an alleged Fourth Amendment violation.
However, "when 'the State has provided an opportunity for full and fair litigation
of a Fourth Amendment claim, a state prisoner may not be granted federal habeas
corpus relief on the ground that evidence obtained in an unconstitutional search

and seizure was introduced at his trial.'" *Peoples v. Campbell*, 377 F.3d 1208, 1224 (11th Cir. 2004) (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)). "For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Tukes v. Dugger*, 911 F.2d 508, 513–14 (11th Cir.1990) (citation omitted).

Here, Petitioner had a suppression hearing where the trial court determined that the police officers possessed probable cause in order to arrest him. Order Denying Defendant's Motion to Suppress, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. Sept. 19, 2013). Petitioner appealed this decision on direct appeal of his conviction. Dkt. 17-5 at 23. The appeal was denied. Dkt. 17-7. Accordingly, Petitioner's Fourth Amendment claim was fully and fairly considered both by the fact-finding court and the state appellate court. Thus, Petitioner is barred from making this claim. Ground Five does not present an issue appropriate for federal habeas review.

6.  Ground Six

In Ground six of the Petition, Petitioner argues that the admission of certain allegedly irrelevant pieces of evidence violated his due process rights. Dkt. 1 at 10–12. When Petitioner was arrested a BB gun and a black t-shirt were found nearby. *Id.* The victim of the robbery alleged that the robber used a pistol to rob

16

him and wore a white t-shirt. *Id.* However, the victim was unable to say whether the BB gun recovered was the gun used during the robbery. *Id.* Petitioner argues that because the BB gun and black t-shirt cannot be conclusively tied to him or the robbery the items are irrelevant and should not have been admitted into evidence at trial. *Id.*

Federal habeas relief is generally not available for decisions by a state court regarding the admission of evidence unless the ruling "affects the fundamental fairness of the trial." *Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998). "Additionally, such trial court errors are subject to the harmless error analysis and will not be the basis of federal habeas relief unless the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623, (1993)).

Petitioner's trial counsel filled a motion in limine to exclude the BB gun and the t-shirt because both were "not relevant, and there [was] no link or nexus to connect the evidence to the charged crime." Motion in Limine # 1, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. Sept. 16, 2013). The trial court deferred ruling on this motion until trial. Order at to Defendant's Amended Motion in Limine # 1, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. Oct. 2, 2013). At trial the court ruled that the items were admissible so long as the victim

did not testify that they were "definitely not" the gun and shirt in the robber's possession. Dkt. 17-1 at 125–27.

Regardless of whether this decision was erroneous, the decision to let the items into evidence based on relevance could not have had a substantial and injurious effect on the jury's verdict. Petitioner's trial counsel argued that the items were irrelevant, but the bar for relevance is low. Evidence tending to prove or disprove a material fact is relevant and admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. Fla. Stat. §§ 90.401; 90.402; 90.403 (2019). The items were relevant in that they were found in the same area and at the same time as Petitioner's arrest and the possibility of undue prejudice from the items is not great. The probative value of these items— particularly if they tied Petitioner to the robbery—was appropriately left to the jury. Accordingly, this does not present an issue appropriate for federal habeas relief.

7.  Ground Seven

Ground Seven of the Petition is an additional ineffective assistance of counsel claim. Dkt. 1 at 12–14. Petitioner argues that there were multiple eyewitnesses that corroborate his location at the time of the robbery, placing him a significant distance from the crime scene. *Id.* Petitioner argues that by failing to call these witnesses at trial, his trial counsel was ineffective. *Id.*

Following a motion for postconviction relief, the state postconviction court

denied this claim, stating in pertinent part:

> Finally, Defendant claims that trial counsel was ineffective for failing to call Dominique Marie Brown, Debra Ann Brown, and Connice Lee Brown as alibi witnesses. A facially sufficient claim of failure to call a witness must provide: (1) the identity of the prospective witness; (2) the substance of the witness's testimony; (3) how the omission prejudiced the outcome of the trial; and (4) an assertion that the witness was available to testify. *Perez v. State*, 128 So. 3d 223, 225 (Fla. 2d DCA 2013). Defendant asserts that these witnesses would have been able to testify at his trial, and affidavits from each of these witnesses are attached to the instant motion. In the affidavits, Defendant's family members claim that he was present inside their house, located at 1374 20th Street in Sarasota, on the night and early morning of February 10 and 11, 2013. Dominique Marie Brown claims that Defendant stepped outside of the house to smoke a cigarette between 3:15 A.M. and 3:20 A.M. Connice Lee Brown claims that she awoke at approximately 3:20 A.M. and spoke to Defendant as he was leaving the house to smoke a cigarette. Debra Ann Brown claims that she awoke at approximately 2:48 A.M. and heard Defendant talking with others in the house. All three witnesses claim that at approximately 3:30 A.M., Defendant called to say he had been arrested.
>
> Connice Lee Brown did, in fact, testify at trial that she saw Defendant leaving the house at some point before 3:30 A.M., but she could not be certain of the exact time. Thus, Defendant's claim as to that witness is conclusively refuted by the record. The testimony of the remaining alibi witnesses is cumulative in substance of the testimony actually presented at trial. Where a proposed witness's testimony is cumulative in substance, trial counsel can nonetheless be ineffective for failing to call the witness if the testimony differs in quality from or lends greater weight to other testimony actually given. *See Perez v. State*, 128 So. 3d 223, 225-26 (Fla. 2d DCA 2013). In the instant case, Defendant lives with and is related to all three alibi witnesses, giving rise to a substantial inference of bias that would undercut any bolstering effect of corroboration. Upon weighing these factors, the Court finds that because the substance of Dominique Marie Brown and Debra Ann

19

> Brown's testimony is cumulative of the testimony offered by Connice Lee Brown, and in light of their similar interest in giving testimony favorable to Defendant, the testimony of the additional alibi witnesses was not of such a different quality that would render trial counsel's performance on this matter ineffective. Accordingly, the Court denies this claim.

Order Denying Post-Conviction Relief at 4–6 (footnotes omitted).

After a review of the record and the applicable law the Court concludes that Brown is not entitled to relief based on this claim. The state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts considering the evidence presented in the state court proceedings.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove that his counsel's actions were deficient and prejudicial. *Strickland*, 466 U.S. at 687. Regardless of whether the failure to call these witnesses was deficient, it was not prejudicial to Petitioner. Each of the potential witnesses were duplicative of the alibi witness that was called at trial and each were potentially biased in the same way. Petitioner's counsel's decision not to call essentially interchangeable witnesses did not prejudice Petitioner. Accordingly, Ground Seven does not present an issue appropriate for federal habeas review.

8. Ground Eight

Next, Petitioner argues that the State lacked probable cause to obtain a blood sample from him. Dkt. 1 at 14–15. However, this claim is procedurally defaulted. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner raised this argument on a motion for post-conviction relief. Motion for Post Conviction Relief 3.850, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. Jan. 20, 2015). It was denied because, procedurally, claims related to Fourth Amendment violations must be raised on direct appeal and not in a post-conviction motion. Order for Post Conviction Relief/Order (1) Denying In Part And (2) Striking In Part With Leave To Amend Defendant's Pro Se "Motion For Post-Conviction Relief", *Florida v. Brown*, 2013-CF-1784 NC at 4 (12th Fla. Cir. Ct. March 7, 2016); *see Jessie v. State*, 726 So. 2d 356, 356 (Fla. 5th DCA 1999). So, this Ground has been procedurally defaulted.

And in terms of prejudice or risk of a fundamental miscarriage of justice, as discussed above, Petitioner was convicted by a jury without any DNA evidence

linking Petitioner to the crime or any of the items discovered near him after his arrest. To whatever extent Petitioner's rights were violated by the State obtaining his blood sample, this did not affect the outcome of his trial. As such, Ground Eight of the Petition is denied.

9.  Ground Nine

Petitioner's final Ground argues that the evidence presented at his trial was insufficient to support guilt beyond a reasonable doubt. Dkt. 1 at 15–18. Petitioner argues that the gun found near Petitioner is irrelevant since it has no connection to him or the crime. *Id.* Because it is irrelevant, Petitioner argues that there was insufficient evidence to connect him to the crime and, in turn, insufficient evidence to support his conviction. *Id.*

However, this claim is procedurally defaulted. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner raised this argument on a motion for post-conviction relief. Motion for Post Conviction Relief 3.850, *Florida v. Brown*, 2013-CF-1784 NC (12th Fla. Cir. Ct. Jan. 20, 2015). It was denied because, procedurally, claims

related to the sufficiency of the evidence must be raised on direct appeal and cannot be raised in a post-conviction motion. Order for Post Conviction Relief/Order (1) Denying In Part And (2) Striking In Part With Leave To Amend Defendant's Pro Se "Motion For Post-Conviction Relief", *Florida v. Brown*, 2013-CF-1784 NC at 4 (12th Fla. Cir. Ct. March 7, 2016); *see Betts v. State*, 792 So. 2d 589, 590 (Fla. 1st DCA 2001). Accordingly, this Ground has been procedurally defaulted.

And, even if Petitioner's claim was not procedurally barred, he would not be entitled to federal habeas relief. In order to prevail on habeas review on a claim of insufficiency of the evidence, "the relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This Court must defer to the jury's judgment as to the weight and credibility of the evidence. *See Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987). It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. *Holland v. United States*, 348 U.S. 121, 140 (1954).

Even if there was some evidence which gave support to Petitioner's theory of innocence, there was substantial evidence admitted at trial by which the jury could reasonably infer that Petitioner was the perpetrator of the robbery. Petitioner

alleges that there was no connection between him and the BB gun and no connection between the BB gun and the crime. Yet, the BB gun was found near him when he was arrested, and the victim of the crime was unable to say for certain if the weapon used in the crime was or was not the BB gun. There was enough evidence introduced at trial that a reasonable jury could have found that the BB gun was the weapon used by Petitioner to commit the robbery. Petitioner is not entitled to federal habeas relief on this Ground.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To merit a COA, Petitioner must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Petitioner is not entitled to either a COA or leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is denied. Leave to appeal *in forma pauperis* is denied. Petitioner must obtain permission from the circuit court to appeal *in forma pauperis*.

## Conclusion

The Court denies Brown's Petition with prejudice. Dkt. 1. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, on October 10, 2019.


/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se